**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Richard Rene CLARK, Defendant–Appellee.**

**No. 93–5599.**

United States Court of Appeals, Fourth Circuit.

Argued April 15, 1994.

Decided July 20, 1994.

**ARGUED:** David J. Cortes, Asst. U.S. Atty., Raleigh, NC, for appellant. Gale Murray Adams, Asst. Federal Public Defender, Raleigh, NC, for appellee. **ON BRIEF:** James W. Dedrick, U.S. Atty., Raleigh, NC, for appellant.

Before RUSSELL and MICHAEL, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded for resentencing by published opinion. Judge MICHAEL wrote the opinion, in which Judge RUSSELL and Judge TURK joined.

## OPINION

MICHAEL, Circuit Judge:

Richard R. Clark used marihuana while on supervised release. In the revocation proceeding, the district court refused to apply 18 U.S.C. § 3583(g), which would have required a sentence of at least one year in prison. The government appeals, and we vacate and remand.

### I.

Clark pled guilty in the Western District of Texas to a charge of conspiracy to escape from custody under 18 U.S.C. §§ 371 and 751(a). He was sentenced to 27 months in prison and a three-year term of supervised release. He began serving the supervised release term on October 16, 1991. On April 27, 1993, jurisdiction over Clark was transferred from the Western District of Texas to the Eastern District of North Carolina.

On June 7, 1993, Clark's probation officer filed a motion to revoke Clark's supervised release, alleging, among other things, that Clark had used a controlled substance. In particular, the motion charged that "[a] urine specimen collected from Mr. Clark on July 13, 1992, tested positive for marihuana...." JA12. A revocation hearing was held, and the government submitted the positive urinalysis report. The report established that Clark had certified (1) that the urine specimen was his, (2) that he had given it to the collector, and (3) that, in his presence, a tamper-proof seal was affixed to the bottle containing his specimen. Clark did little to counter the government's evidence. At first, he flatly denied marihuana use, but thereafter he said he had "not in any way knowingly *abused* marihuana." JA34 (emphasis added).

The district court considered the proffers and evidence and found that Clark had culpably used marihuana: "The Court finds through the proffer of the United States, the defendant being afforded an opportunity to respond ... [to] the issue under violation number three, the use of [a] controlled substance, that *there was a violation.*" JA34 (emphasis added). The district court's judgment and commitment order contained a similar finding that Clark "violated the terms and conditions of the supervised release judgment originally imposed as follows: ... 3. Mr. Clark has used illegal controlled substances...." JA5. According to the government, these findings required the district court to sentence Clark under § 3583(g) to at least one year in prison. The district court, however, refused to apply § 3583(g), believing that it was too harsh in the circumstances and that it limited the court's sentencing discretion too much. Instead, the court sentenced Clark to nine months and eight days in prison under U.S.S.G. § 7B1.4. The government appeals.

Because the district court found Clark had culpably used marihuana, we conclude that the application of § 3583(g) was required. Accordingly, we vacate and remand for resentencing.

### II.

Section 3583(g) of Title 18 provides:

**(g) Possession of controlled substances.**—If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

In *United States v. Battle*, 993 F.2d 49, 50 (4th Cir.1993), we held (in unison with other circuits) that proof of intentional use of a controlled substance is sufficient to establish possession and trigger the application of § 3583(g). We implicitly rejected the idea that "use" and "possession" have different meanings for purposes of that section. In *Battle*, we relied on *United States v. Rockwell*, 984 F.2d 1112 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993), where the district court found the defendant had knowingly and wrongfully used marihuana and cocaine. The district court sentenced Rockwell under § 3583(g), concluding that knowing use of controlled substances "necessarily implies [their] possession...." *Id.* at 1113. The Tenth Circuit affirmed as follows:

> There can be no more intimate form of possession than use. We hold that a controlled substance in a person's body is in the possession of that person for purposes of ... § 3583(g), assuming the required *mens rea.* "Use" in this context is synonymous with possession.

*Id.* at 1114. The Tenth Circuit agreed with the district judge that it was " 'errant sophistry ... that somebody ... [could] knowingly and willfully use[ ] a controlled substance and simultaneously claim that that d[id] not necessarily imply possession.' " *Id.* at 1115.

The Tenth Circuit reaffirmed *Rockwell* in *United States v. McAfee*, 998 F.2d 835 (10th Cir.1993): "*Rockwell* simply stands for the unremarkable observation that a person cannot use a drug without possessing it." *Id.* at 837; *see also, e.g., United States v. Ramos–Santiago*, 925 F.2d 15, 16, 18 (1st Cir.), *cert. denied sub nom. Ramos-Santiago v. United States*, —— U.S. ——, 112 S.Ct. 129, 116 L.Ed.2d 96 (1991); *United States v. Kindred*, 918 F.2d 485, 487 n. 3, 488 (5th Cir.1990) ("Knowing use of drugs is akin to possession"

and "§ 3583(g) mandated the revocation ... [of supervised release due to defendant's] drug use"); *United States v. Dillard*, 910 F.2d 461, 464 n. 3 (7th Cir.1990) ("Knowing use of cocaine ... requires possession, even if only momentarily"); *United States v. Graves*, 914 F.2d 159, 161 (8th Cir.1990) (equating use with possession).

A helpful analysis of the use and possession issue appears in *United States v. Courtney*, 979 F.2d 45 (5th Cir.1992). *Courtney* first recognized that "other federal circuits have uniformly found use to necessarily require possession" under § 3583(g). *Id.* at 48. The court then relied on the meaning of "possession" under 21 U.S.C. § 844(a) to conclude that culpable use also equals "possession" under § 3583(g):

> The act of simple knowing possession of a controlled substance is a federal criminal offense. 21 U.S.C.§ 844. There is no federal statutory provision which in terms criminalizes "use" or "consumption" of a controlled substance. However, it is not a defense to an otherwise established simple possession offense that the defendant did not possess the substance because he merely used or consumed it. *United States v. Schocket*, 753 F.2d 336, 340 (4th Cir.1985) (defendant had "possession over the cocaine since he had the ability to *use* it, remove it, and therefore to exercise dominion and control over the substance") (italics added).... [U]nder the present statutory scheme for criminal offenses, use is subsumed within possession.

> This conclusion would still exclude passive inhalation from both possession and use. Possession requires the knowing exercise of dominion or control. Similarly, in a sentencing or revocation context it is clear that "use" requires knowing and voluntary ingestion. But once the court finds a substance has been voluntarily and knowingly ingested, then, at least in almost any imaginable circumstance, it necessarily follows that the defendant has possessed the substance. In short, there is no "use" exception to possession: if one knowingly and voluntarily exercises dominion and control over a substance—as by putting it in one's mouth and swallowing it knowing what it

is—one possesses it, and this conclusion is in no way altered by the fact that the same facts may constitute one's "use" of the substance. By the same token, it would not, for sentencing or supervised release purposes, be either "use" or "possession" if one believed the ingested substance was some other (non-controlled) substance or ingested it involuntarily or unknowingly.

*Id.* at 49 (footnote omitted).

In *Courtney,* the Fifth Circuit instructed the district court on remand to conduct a two-step analysis. First, the court was to determine whether defendant's positive urine screens could reasonably have resulted from passive inhalation. Second, assuming there was no finding of passive inhalation, the district court was "to determine if [defendant] voluntarily and knowingly ingested the cocaine *and thus possessed it." Id.* at 50 (emphasis added). If so, "the district court . . . *[was required to] apply section 3583(g)." Id.* (emphasis added).

This solid authority leads to the inescapable conclusion that the district court erred in the case before us. The urine screen established the presence of marihuana in Clark's body. And the district court found the substance was in Clark's body because of his culpable use of the drug. As noted in *Rockwell,* " '[u]se' in this context is synonymous with possession." *Rockwell,* 984 F.2d at 1114. Once the district court found that Clark *culpably* used marihuana, it necessarily decided the possession question in the affirmative.[1] Any other conclusion would allow a district court, as was the case here, to simply ignore § 3583(g)'s mandate. We therefore hold that once a district court credits laboratory analysis as establishing the presence of a controlled substance in the specimen and then goes on to find culpable

use of the substance, possession under § 3583(g) "necessarily follows."[2] *Courtney,* 979 F.2d at 49. We thus conclude that the district court erred in refusing to apply the provisions of § 3583(g).

### III.

Clark's sentence is vacated and the case is remanded for resentencing under 18 U.S.C. § 3583(g).

VACATED AND REMANDED FOR RESENTENCING.

---

1. Some decisions are not entirely in accord with this analysis. For instance, in *United States v. Blackston,* 940 F.2d 877, 895 (3rd Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991), the court suggested that voluntary use is evidence (but not conclusive evidence) of possession. However, Judge Nygaard, who concurred in *Blackston,* argued for a bright line rule: "I would hold that laboratory analysis confirming illegal drug use alone constitutes 'possession' for purposes of . . . § 3583(g)." *Id.*

2. We recognize that a positive urine screen by itself does not distinguish between culpable use and unknowing, involuntary, mistaken, or innocent ingestion or inhalation of a controlled substance. Consistent with the Sentencing Guidelines, we leave it to the district courts to determine whether drug use established solely by laboratory test constitutes culpable use. U.S.S.G. § 7B1.4, comment. (n.5).