UNITED STATES of America,

v.

Michael B. BARROW, Defendant.

Action No. 2:95cv1026.
[Original Criminal No. 2:92–CR–88–02]

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 24, 1996.

Michael R. Smythers, Assistant United States Attorney, Norfolk, Virginia, for USA.

Charles R. Burke, Virginia Beach, Virginia, for Defendant.

*OPINION AND FINAL ORDER*

REBECCA BEACH SMITH, District Judge.

This matter is before the court for resolution of defendant's Motion to Vacate, Set

Aside, or Correct Sentence of a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.

## I. Procedural History

Defendant Michael B. Barrow was convicted, after a guilty plea, of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. He was sentenced in December, 1992, to a term of 48 months imprisonment with credit for 21 months of time served, and a 5–year term of supervised release. The supervised release began on September 28, 1994.

On January 31, 1995, Barrow's probation officer filed a petition alleging several violations of the terms of supervised release. Among other things, the petition alleged that Barrow (1) failed to participate in substance abuse treatment; (2) failed to report to his probation officer as directed; (3) failed to complete his monthly supervision reports; and (4) engaged in the use of illegal narcotics as evidenced by two positive urine tests for cocaine.

On February 17, 1995, after a hearing, the court revoked Barrow's supervised release, as a result of his admitted drug use, and other violations supported by the evidence. Pursuant to 18 U.S.C. § 3583(g), the court was required to impose a mandatory term of incarceration. The court sentenced Barrow to 30 months imprisonment and 30 months supervised release following his confinement.

Barrow, proceeding *pro se,* filed this motion under 28 U.S.C. § 2255, along with a supporting memorandum, on October 18, 1995. By order filed October 19, 1995, the United States was ordered to file responsive pleadings to defendant's motion within sixty (60) days. The government responded with a brief in opposition to Barrow's motion on December 18, 1995. On December 28, 1995 Barrow filed a "Traverse to the Government's Answer," which essentially elaborates on his earlier arguments. The matter is now ripe for determination.

Barrow argues that his sentencing after revocation under the law in effect in 1994 violated the *ex post facto* clause of the United States Constitution, because it imposed a harsher sentence than he would have received under the law in effect at the time of the offense of conviction. He also contends that he was denied effective assistance of counsel due to his attorney's failure to discover and press the *ex post facto* argument on the court. Finding no merit in either argument, the court **DENIES** Barrow's habeas corpus motion.

## II. Standard of Review

■ Barrow proceeds under 28 U.S.C. § 2255, which provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255. Further, if the motion is brought before the sentencing judge, the judge may rely on recollections of previous events to dismiss the motion. *Blackledge v. Allison,* 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136 (1977). In this case, the undersigned accepted Barrow's original guilty plea, imposed his original sentence, conducted the revocation hearing, and imposed the subsequent sentence following the revocation. Accordingly, the court finds no hearing necessary and addresses Barrow's section 2255 motion.

## III. Analysis

### A. Ex Post Facto Violation

■ "The *ex post facto* clause forbids Congress to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *United States v. Parriett,* 974 F.2d 523, 525 (4th Cir.1992) (citations omitted). To fall within the *ex post facto* prohibition, a law must (1) be retrospective, that is "it must apply to events occurring before its enactment;" and (2) it must "disadvantage the

offender affected by it." *Id.* (quoting *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

As a preliminary matter, the court notes that Barrow's memorandum incorrectly argues that he was sentenced after revocation pursuant to the wrong version of the Sentencing Guidelines. In fact, Barrow's sentence was imposed pursuant to the statutory provisions governing the revocation of supervised release. 18 U.S.C. 3583(g); *see* Transcript of Revocation Hearing, February 17, 1995 ("Transcript") at 17. There are no Guidelines promulgated for sentencing after revocation. Instead the Sentencing Commission has issued only Policy Statements, which are not binding on the district courts. USSG §§ 7B1.1–7B1.5; *United States v. Davis,* 53 F.3d 638, 640–41 (4th Cir.1995). This distinction is important in light of the *ex post facto* argument asserted. Because the Sentencing Commission's Policy Statements on sentencing after revocation are not binding, they are not "laws" within the meaning of the *ex post facto* clause. *United States v. Levi,* 2 F.3d 842, 845 (8th Cir.1993).

Sentencing after à violation of supervised release, however, is governed by 18 U.S.C. § 3583(g), under which Barrow was sentenced. Therefore, the court will construe Barrow's argument as an *ex post facto* attack on the application of that recently amended statute. The Fourth Circuit addressed the *ex post facto* application of section 3583(g), in *United States v. Parriett,* 974 F.2d 523 (4th Cir.1992). In *Parriett,* the court considered a 1988 amendment to the section which required the district courts to impose a mandatory term of imprisonment equal to one-third of the defendant's original term of supervised release when the revocation was caused by specific conduct, including the possession of a controlled substance. Because the imposition of jail time after revocation in such cases had previously been left to the discretion of the sentencing court, the Fourth Circuit found the revised statute, as applied to a defendant originally convicted under the previous version, violated the *ex post facto* prohibition. *Id.* at 527.

Although both versions of the section permitted the sentence actually imposed on the defendant, the Fourth Circuit, following Supreme Court precedent, held that the loss of discretion to impose a shorter sentence, or no sentence at all, constituted a disadvantage to the offender. *Parriett,* 974 F.2d at 525 (citing *Lindsey v. Washington,* 301 U.S. 397, 401–02, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937)). The court was also bound by prior Fourth Circuit precedent to conclude that the law was retrospective, despite the fact that the punishment was triggered by conduct occurring after the amendment. *Id.* at 525–26 (citing *Fender v. Thompson,* 883 F.2d 303 (4th Cir.1989)). *Contra, United States v. Reese,* 71 F.3d 582 (6th Cir.1995) (finding the same statute was not retrospective because it did not alter the legal consequences of acts which occurred solely before its amendment).

Section 3583 was amended again in 1994. As a result, the statute applicable at Barrow's revocation sentencing was different than the one in place at the time of the conduct which gave rise to his original conviction.[1] *See Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981) (finding *ex post facto* violation when legislature "increases punishment beyond what was prescribed *when the crime was consummated*") (emphasis added). Prior to the 1994 amendment, section 3583(g) provided:

(g) Possession of controlled substances.— If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison *not less than one-third of the term of supervised release.*

---

1. Barrow pled guilty to his role in a drug conspiracy which operated from 1987 until 1992. The earliest overt acts charged in the indictment involving him, however, occurred in April of 1991. Because Barrow cannot be held responsible for acts occurring before he joined the conspiracy, the 1988 version of § 3583 would have been in effect when his crime was committed in 1991. *See United States v. Collado,* 975 F.2d 985, 997 (3d Cir.1992); USSG § 1B1.3, comment 2 (stating relevant conduct for sentencing under 21 U.S.C. § 846, "does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy.").

18 U.S.C. § 3583(g) (1988) (emphasis added).

When Barrow was sentenced after revocation of supervised release on February 17, 1995, the 1994 amended version of the statute provided:

> (g) Mandatory Revocation for possession of controlled substance.... —If the defendant—
>
> (1) possesses a controlled substance in violation of the conditions set forth in subsection (d); ...
>
> the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g) (1994). Subsection (e)(3) referred to in the statute permits the court to impose a sentence up to the maximum term of supervised release authorized for the offense, without credit for time previously served on supervised release. 18 U.S.C. § 3583(e)(3) (1994). The new sentence is subject to a cap of 5 years for a defendant, like Barrow, who was convicted of a class A felony. *See id.*

 Barrow now argues that under the 1988 provision he would have been subject to only a 12–month sentence, with no subsequent supervised release, and thus his sentence under the 1994 provision to 30 months confinement and 30 months supervised release constitutes a "disadvantage" which violates the *ex post facto* clause. This contention is both factually and legally incorrect.

First, under the 1988 version of section 3583(g), Barrow would have been subject to a *mandatory minimum sentence* equal to one-third of the original term of supervised release, or 20 months, not the 12 months asserted in Barrow's memorandum. Moreover, the sentencing court was free, even under the 1988 law, to impose a longer sentence up to the original term of supervised release without credit for time previously served on post release supervision. 18 U.S.C. § 3583(e)(3) (1988). Thus, under the 1988 law, Barrow could have been sentenced to anywhere between 20 and 60 months confinement.

. The 1994 version of section 3583(g) and (h) actually improves Barrow's circumstance. The new version vests more discretion in the sentencing court. As the court pointed out during the revocation hearing, although the 1994 provision still requires a mandatory term of imprisonment for a drug possession violation, it can be as little as one day, or as long as the original 60–month term. Transcript at 17–18; *see* 18 U.S.C. § 3583(g) (1994). The 1994 law does not permit any sentence greater than that authorized by the 1988 version of the statute, as both allow a period of incarceration equal to the original period of supervised release.

It is true that Fourth Circuit precedent under the prior law required that any sentence of incarceration after revocation not be followed by additional supervised release. *Parriett*, 974 F.2d at 527; *United States v. Cooper*, 962 F.2d 339, 341–42 (4th Cir.1992). However, this rule was the subject of a split of authority among the circuits which was clarified by the 1994 amendment to 18 U.S.C. §§ 3583(e) and (h). The 1994 amendment specifically overrules the Fourth Circuit's interpretation and allows a combination of confinement and supervised release to be imposed following revocation, as long as the total does not exceed the original term of supervised release. 18 U.S.C. § 3583(h) (1994).

In his response to the government's brief, Barrow correctly contends that this "clarification" of the law is still subject to *ex post facto* scrutiny because it directly altered the law of this circuit. *U.S. v. Capers*, 61 F.3d 1100, 1110 (4th Cir.1995). To the extent that Barrow argues the clarification itself constitutes an *ex post facto* violation, however, he is clearly contradicted by the Fourth Circuit's reasoning in *Parriett*.

In *Parriett* the court correctly concluded that the loss of discretion to impose minimal or no jail time constituted a disadvantage to defendants whose original criminal conduct predated the 1988 amendment. *Parriett*, 974 F.2d at 527. With the 1994 amendment, however, the discretion of the sentencing court is increased, in a way which can only benefit affected offenders. As previously discussed, the 1988 version of § 3583(g) re-

quired the sentencing court to impose a mandatory minimum term of confinement equal to one-third of the original term of supervised release. The 1994 version permits any term of incarceration, from one day up to the total amount of the originally authorized term of supervised release. 18 U.S.C. § 3583(e)(3), (g), (h) (1994). In addition, the new law permits a more flexible combination of confinement and supervised release, rather than confinement only under the prior Fourth Circuit interpretation of the 1988 law.

Stretching the limits of the term "disadvantage," one might conclude that the increased flexibility offered by the new law could result in a longer total term of restriction, because the sentencing judge would be more likely to impose a longer term if it could be in a combination of incarceration and supervised release. In such a case, however, any supposed disadvantage to the offender derives from the court's exercise of its increased discretion, by imposing a term of supervised release in place of confinement authorized by the statute. The court finds such hypothetical leniency cannot form the basis of the "disadvantage" prohibited by the *ex post facto* clause. This is particularly so in light of the greatly increased discretion to impose a shorter mandatory term of incarceration under the 1994 amendment.

In conclusion, Fourth Circuit precedent compels the finding that the modifications to section 3583 are retrospective in application, but, for the reasons set forth in this opinion, the court finds no disadvantage to Barrow or other affected offenders by the 1994 amendments to that statute. Accordingly, there was no *ex post facto* violation in its application to Barrow.

### B. Ineffective Assistance of Counsel

■■■ Barrow also argues that he was denied effective assistance of counsel due to his attorney's failure to assert the *ex post facto* argument at his sentencing. In order to have his sentence vacated based on ineffective assistance of counsel, Barrow must establish the two requirements enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984). First, he must show that his attorney's conduct fell below objective standards of reasonableness. *Id.* at 687–91, 104 S.Ct. at 2064–67. Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. at 2064.

Barrow's sole argument in support of his ineffectiveness claim is his attorney's failure to discover and assert his *ex post facto* attack. Because the court has found no merit in Barrow's *ex post facto* argument, his attorney's failure to assert it does not constitute ineffective assistance of counsel.[2]

### IV. Conclusion

Defendant Barrow's sentencing under the 1994 version of 18 U.S.C. § 3583(g) after the revocation of his supervised release did not violate the *ex post facto* clause of the Constitution. Although section 3583(g) is retrospective under Fourth Circuit precedent, the 1994 amendment does not "disadvantage" any affected offenders. In addition, Barrow was not denied effective assistance of counsel due to his attorney's failure to assert the meritless *ex post facto* theory at his revocation hearing. Accordingly, Barrow's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

Defendant Barrow is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to the defendant, to Charles R. Burke, counsel for the defendant, and to Michael R. Smythers, Assistant United States Attorney at Norfolk.

It is so **ORDERED.**

---

2. Moreover, the record reveals that Barrow's attorney helped him find a job and monitored his conduct prior to the revocation hearing in an attempt to rehabilitate him before the court. Transcript at 11.