**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5649

IVAN DWIGHT WALDON, a/k/a Jive'n
Ivan,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, District Judge.
(CR-91-188)

Submitted: January 11, 1996

Decided: February 2, 1996

Before RUSSELL, HALL, and WILKINSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Paul A. Billups,
Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ivan Dwight Waldon appeals the district court order revoking his supervised release and imposing a sentence of twenty-one months. Waldon contends that the district court clearly erred when it found that a positive urine screen for cocaine, by itself, was sufficient to establish knowing possession of a controlled substance during supervised release in violation of 18 U.S.C.A. § 3583(g) (West Supp. 1995). Finding that the district court's factual determination was not clearly erroneous, we affirm.

We have previously held that the determination of whether culpable use is established solely by laboratory tests is properly left to the district courts. United States v. Clark, 30 F.3d 23, 26 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3421 (U.S. Nov. 28, 1994) (No. 94-6495); see also United States v. Almand , 992 F.2d 316, 318 (11th Cir. 1993) (district court's finding that positive urine test was sufficient to establish possession of drugs under§ 3583(g) was not clearly erroneous). Furthermore, in the instant case, in addition to the positive drug screen, the Government offered evidence of a continuing pattern of drug abuse by Waldon. Waldon offered no evidence of passive or innocent ingestion of cocaine and did not dispute the results of his urine analysis.

Under such circumstances, we cannot find the district court's determination clearly erroneous, and we thus affirm the district court's revocation of supervised release. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2