**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5154

MARCUS LAMAR SMITH, a/k/a Champ
Smith,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-92-90)

Submitted: March 12, 1996

Decided: March 28, 1996

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul M. McKay, McKAY & McKAY, Wheeling, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Sam G.
Nazzaro, Assistant United States Attorney, Wheeling, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcus Lamar Smith appeals the district court order revoking his supervised release and imposing a sentence of eight months. Smith contends that the district court erred in finding that positive urinalyses for drugs, by itself, was sufficient to establish knowing possession of a controlled substance during his supervised release in violation of 18 U.S.C.A. § 3583(g) (West Supp. 1995). He further maintains that the Government had a duty to prove that second-hand smoke did not cause his positive urinalyses and the Government did not meet that burden.

This court must review the district court's finding for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court had only to find a violation of a condition of Smith's supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (West Supp. 1995).

Section 3583(g) provides:

> If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

The conditions of Smith's supervised release contained the same restriction.

This court has previously held that the determination of whether culpable use is established solely by laboratory tests is properly left to the district courts. United States v. Clark , 30 F.3d 23, 26 n.2 (4th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 63 U.S.L.W. 3421 (U.S. Nov. 28,

2

1994) (No. 94-6495); see also United States v. Almand, 992 F.2d 316, 318 (11th Cir 1993).

The district court in this case found that Smith submitted a urine sample which tested positive for the presence of cocaine and hydromorphone in September 1994. The court further found that Smith signed a form admitting illegal and unauthorized drug use in September. The court noted that there was conflicting testimony about what the probation officer informed Smith as to the use of the form. However, the court found that it was unlikely and unreasonable for Smith to assume that the signing of the acknowledgment form was a carte blanche to commit further violations of the conditions of his supervised release. The court also found that Smith submitted a urine sample in October 1994 that tested positive for cocaine and November 1994 that tested positive for cocaine and hydromorphone. In addition, the court found that there was no competent medical evidence presented that the medications that Smith was taking would present a false positive for cocaine or hydromorphone. Finally, the court found that the testimony from Smith and his wife that when he was in the presence of those he felt were using drugs he either left the house immediately or they quit using the drugs discounted Smith's claim that his urinalyses tested positive for controlled substances because he was exposed to second-hand smoke. See United States v. Courtney, 979 F.2d 45, 49 (5th Cir. 1992). The district court found, based on Smith's positive urinalyses on at least two occasions, that Smith possessed a controlled substance in violation of the terms of his supervised release. The district court did not abuse its discretion in making these findings.

Smith next claims that his inability to pay the imposed fine precluded the district court from revoking his supervised release based on his failure to pay the fine. However, the district court did not revoke Smith's supervised release based on his failure to pay his fine. Rather the court reinstated the remainder of the fine previously imposed. See United States v. Webb, 30 F.3d 687 (6th Cir. 1984); United States Sentencing Commission, Guidelines Manual, § 7B1.3(d), p.s. (Nov. 1994).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED