**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-6939

JIMMIE LEE SWANN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-89-140, CA-99-47-1)

Submitted: October 20, 1999

Decided: November 9, 1999

Before MURNAGHAN, HAMILTON, and LUTTIG,
Circuit Judges.

_____

Affirmed in part and vacated and reversed in part by unpublished per
curiam opinion.

_____

**COUNSEL**

Jimmie Lee Swann, Appellant Pro Se. Brian Lee Whisler, OFFICE
OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmie Swann seeks to appeal the district court's order denying
relief on his motion filed under 28 U.S.C.A. § 2255 (West Supp.
1999). Swann's motion challenged the propriety of a district court
order extending the period of his supervised release, and a subsequent
order revoking his supervised release and ordering Swann incarcer-
ated for a period of one year. Swann asserts that the district court
lacked authority to extend the term of his supervised release based on
his use of drugs in violation of the conditions of his supervised
release. We agree that Swann's possession of a controlled substance
during his supervised release required revocation of his supervised
release and incarceration under 18 U.S.C.A. § 3583(g) (West Supp.
1999). See United States v. Clark, 30 F.3d 23, 24-26 (4th Cir. 1994).

We disagree, however, with Swann's position that under the pre-
1994 version of § 3583(g), the court should have imposed a period of
incarceration not exceeding eight months for his second violation of
the conditions of his supervised release, which also involved Swann's
abuse of drugs. Because the former version of § 3583(g) did not
address the maximum term of incarceration for a subsection
(g) violation, even before 1994 district courts were authorized to look
to the maximum term allowed under 18 U.S.C.A. § 3583(e) (West
Supp. 1999), when setting the term of incarceration for a subsection
(g) violation of supervised release. See United States v. Davis, 53
F.3d 638, 640 n.4 (4th Cir. 1995); United States v. Rockwell, 984 F.2d
1112, 1115 (10th Cir. 1993) (citing cases). Subsection (e) authorized
incarceration of up to two years for a Class D felon such as Swann.
See § 3583(e). Moreover, the pre-1994 version of § 3583(e) also per-
mitted two additional years incarceration because that was the origi-
nal term of Swann's supervised release. See United States v. Barrow,
913 F. Supp. 458, 460 (E.D. Va. 1996). Hence, the district court prop-
erly found that subsection (e) authorized the one-year term of incar-

2

ceration imposed on Swann, and he was not prejudiced by the application of the current version of subsection (e).

Accordingly, we grant a certificate of appealability and reverse and vacate that portion of the district court's order upholding the extension of the term of Swann's supervised release. In all other respects, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, REVERSED AND VACATED IN PART

3