**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4292

ERNEST GRIFFIN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-88-113, CR-88-151)

Submitted: November 9, 1999

Decided: November 29, 1999

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Harry L.
Hobgood, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernest Griffin, Jr., pled guilty in 1988 to two separate indictments on drug offenses. He was sentenced to concurrent terms, including three years of supervised release. In 1997, Griffin began serving the supervised release. After several violations of the conditions of release, the Probation Officer requested that the term of supervision be revoked. The alleged violations included, among many other infractions, two incidents of testing positive for cocaine.

At the revocation hearing, Griffin admitted through counsel to all the violations. In calculating the appropriate sentence under the sentencing guidelines, the district court found that Griffin was guilty of a Grade B violation because his conduct in possessing cocaine constituted both federal and state offenses punishable by imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2) (1998). Under U.S.S.G. § 7B1.4 (1998), a Grade B violation for an individual such as Griffin with a criminal history category of VI, has an applicable range of imprisonment of twenty-one to twenty-seven months. The district court imposed a sentence of twenty-four months.

Griffin's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that no meritorious grounds for appeal exist but raising the issue whether Griffin's admitted cocaine use amounted to possession of cocaine, and a Grade B violation of his supervised release. Although informed of his right to file a supplemental brief, Griffin has not done so. Because we find the assigned error to lack merit and can discern no reversible error in the record on appeal, we affirm both the revocation of Griffin's supervised release and the sentence imposed.

We review a district court's decision to revoke a term of supervised release for abuse of discretion. See United States v. Davis, 53 F.3d

2

638, 642-43 (4th Cir. 1995). Revocation is mandatory if the defendant possesses a controlled substance. 18 U.S.C.A. § 3583(g)(1) (West Supp. 1999). Griffin admitted to the court and to his probation officer that he had used cocaine. Voluntary and knowing ingestion of a controlled substance constitutes possession of that substance. United States v. Clark, 30 F.3d 23, 25 (4th Cir. 1994). Therefore, the district court's decision to revoke Griffin's supervised release was not an abuse of discretion.

This conduct constituted both a state and a federal offense punishable by imprisonment over one year. N.C. Gen. Stat.§ 90-95(d)(2) (1997); 21 U.S.C.A. § 844(a) (West 1999). Griffin's supervised release violation was therefore a Grade B violation under U.S.S.G. § 7B1.1(a)(2). In view of Griffin's criminal history category of VI, a sentencing range of twenty-one to twenty-seven months was applicable. The district court chose twenty-four months. We perceive no error in the sentence imposed by the district court.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the revocation and imposition of sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. See 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3