<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4540**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BOBBY LEE MCCAINE MINTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:07-cr-00010-RLV-CH-1)

Submitted:  January 15, 2013          Decided:  February 6, 2013

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.  Maria Kathleen Vento, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Lee McCaine Minton appeals the district court's order revoking his term of supervised release and imposing a sentence of twelve months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erroneously revoked Minton's supervised release and whether the twelve-month sentence was plainly unreasonable. Minton was given the opportunity to file a pro se supplemental brief, but has not done so. The Government has declined to file a response. We affirm.

A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2006). Minton admitted to violating the terms of his supervised release by using illegal drugs. Revocation of supervised release is required if the defendant possessed a controlled substance, 18 U.S.C. § 3583(g)(1) (2006), and "proof of intentional use of a controlled substance is sufficient to establish possession and trigger the application of § 3583(g)." United States v. Clark, 30 F.3d 23, 25 (4th Cir. 1994). The district court therefore did not err in revoking Minton's supervised release.

A district court has broad discretion to impose a sentence after revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors applicable to supervised release revocation. Id. at 438-40. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

After review of the record, we conclude that the revocation sentence is both procedurally and substantively reasonable. The twelve-month sentence is well below the applicable statutory maximum of twenty-four months' imprisonment. The district court sufficiently explained its rationale for the sentence imposed, emphasizing the fact that the court previously provided Minton an opportunity to rectify his behavior after testing positive for illegal drug use within two months of his release from prison, to no avail. In addition, the court appropriately considered the § 3553(a) factors in fashioning its sentence, including the goal of deterrence, the history and characteristics of the defendant, and the need to provide the defendant with rehabilitative care. The imposition of a twelve-month sentence was therefore not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Minton, in writing, of his right to petition the Supreme Court of the United States for further review. If Minton requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Minton. We

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>
