**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4052**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

STEVEN WAYNE BELL,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   W. Earl Britt, Senior
District Judge.  (5:01-cr-00013-BR-1)

─────────────

Submitted:  July 11, 2013            Decided:  July 24, 2013

─────────────

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.    Jennifer  P.  May-Parker,  Assistant  United  States
Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Wayne Bell appeals the district court's judgment revoking his supervised release and sentencing him to fourteen months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court committed procedural sentencing error by considering an impermissible factor when fashioning Bell's sentence. Bell has filed pro se supplemental briefs echoing counsel's claim and raising additional issues. The Government has declined to file a response brief. After a careful review of the record, we affirm.

We will affirm a revocation sentence that falls within the prescribed statutory range and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable, using the same general analysis employed in review of original sentences. See id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted). Only if the sentence is

procedurally or substantively unreasonable will we consider whether it is "plainly" so.  Id. at 657.

While the sentencing court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court is required to consider the Guidelines' Chapter Seven policy statements and the factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006).  Chapter Seven provides that a revocation sentence should "sanction primarily the defendant's breach of trust."  U.S. Sentencing Guidelines Manual Ch. 7, Pt. A(3)(b) (2012).

Both Bell and his counsel question whether Bell's sentence is plainly unreasonable because the district court improperly relied upon the need to promote respect for the law in sentencing Bell.  Because Bell did not raise this issue in the district court, this claim is subject to review for plain error.  See United States v. Bennett, 698 F.3d 194, 199-200 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013).  To meet this standard, Bell must demonstrate that an error occurred, the error was plain, and the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).  Even if these requirements are met, we will decline to correct the error unless it "seriously affects the fairness, integrity or public

3

reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted).

While § 3583(e) requires a district court to consider most § 3553(a) factors in imposing a revocation sentence, it specifically omits the factors listed in § 3553(a)(2)(A), including the need to promote respect for the law. Accordingly, a district court is not permitted to impose a revocation sentence based primarily on these considerations. See Crudup, 461 F.3d at 439. Although the district court made a single reference to the need to promote respect for the law, we conclude that this brief statement does not render Bell's sentence unreasonable. Rather, viewing the revocation hearing as a whole, we conclude the court designed the sentence primarily to sanction Bell's breach of the trust the court placed in him at an earlier revocation hearing when it provided him an additional chance to comply with his mandated treatment program. The court also properly considered the need to deter further misconduct in imposing Bell's sentence. We therefore find no violation of § 3583(e).

In his pro se supplemental brief, Bell asserts that he was not provided adequate notice of the revocation hearing to permit him to prepare and to obtain necessary witnesses. Because he did not raise an objection on this basis in the district court, we review the issue for plain error. See Olano,

507 U.S. at 732. Due process requires that a defendant charged with a supervised release violation be afforded adequate notice of the charges to permit him to prepare a defense. United States v. Chatelain, 360 F.3d 114, 121 (2d Cir. 2004); see Fed. R. Crim. P. 32.1(b)(2); Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (minimum due process requirements for parole revocation); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (recognizing that due process requirements apply to revocations of supervised release). However, our review of the record does not support Bell's timeline of events or suggest that Bell was deprived of adequate opportunity to present his defense. Cf. United States v. Cotroneo, 89 F.3d 510, 513-14 & n.7 (8th Cir. 1996) (concluding that district court did not violate due process by failing to comply with Rule 32.1, nor did it abuse its discretion in denying continuance, when defendant received detailed revocation petition eight days before hearing and Government's evidence one day before hearing). Moreover, even had an error occurred, we conclude, based on Bell's description of the allegedly omitted testimony, that this testimony would not have impacted his revocation proceedings and, thus, its omission did not violate his substantial rights.

We have reviewed the remaining issues raised in Bell's pro se supplemental briefs and find them without merit. Insofar as Bell attempts to challenge counsel's ineffectiveness in

5

advising him to admit that he violated the conditions of his supervised release, his claim is not cognizable on direct appeal, as no ineffectiveness appears conclusively on the record. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Nor does the record contain evidence sufficient to undermine the validity of his admission to the use of a controlled substance or the court's findings that he violated his supervised release terms. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (indicating that the district court need only find a supervised release violation by a preponderance of the evidence).

While Bell asserts that his supervision should not have been revoked based on the violations he committed, revocation was mandatory due to the district court's finding that he used an illicit substance. See 18 U.S.C. § 3583(g)(1) (2006) (mandating revocation when district court finds defendant has possessed controlled substance); United States v. Clark, 30 F.3d 23, 26 (4th Cir. 1994) (concluding that, where the district court finds intentional or culpable use of controlled substance, finding of possession necessarily follows, requiring application of § 3583(g)). Absent evidence to the contrary, the court is presumed to have considered and rejected the exception to this rule. See United States v. Hammonds, 370 F.3d 1032, 1038-39 (10th Cir. 2004); United States v. Crace, 207 F.3d 833, 835-36

6

(6th Cir. 2000). Moreover, the court acted well within its discretion in revoking Bell's supervision based on his repeated failure to comply with the treatment programs mandated by his probation officer and the terms of his supervised release.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bell, in writing, of the right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7