**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4037**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER KIRK GRAY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:09-cr-00029-JLK-RSB-3)

Submitted: June 21, 2018                                    Decided: June 25, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wynn Andrew Harding, Harrisonburg, Virginia, for Appellant.  Ronald Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Kirk Gray appeals from the district court's judgment revoking his supervised release and sentencing him to 18 months in prison. Gray's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he states that there are no meritorious issues for appeal, but asks that we review the reasonableness of Gray's sentence. Although advised of his right to file a pro se supplemental brief, Gray has not done so. The Government has declined to file a response brief. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)).

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *See Slappy*, 872 F.3d 207. In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39. Thus, a revocation sentence

2

is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors. *See Thompson*, 595 F.3d at 546-47. A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" i.e., "clear" or "obvious." *Slappy*, 872 F.3d at 208 (internal quotation marks and alterations omitted).

Applying these standards, we readily conclude that Gray's below-policy statement range sentence is neither procedurally nor substantively unreasonable, and therefore is not plainly unreasonable. The district court did not plainly err when it adopted the probation officer's policy statement range, as Gray's use of methamphetamine warranted a Grade B violation under the Guidelines. *See United States v. Clark*, 30 F.3d 23, 26 (4th Cir. 1994) (concluding that, where the district court finds intentional or culpable use of a controlled substance, a finding of possession necessarily follows). The district court heard the parties' arguments and allowed Gray to allocute at the revocation hearing, and it explained the selected sentence in terms of the revocation-relevant § 3553(a) factors. Although counsel raises the substantive reasonableness of Gray's sentence as a possible issue for review, counsel correctly concedes that Gray's sentence, which was below the policy statement range, is presumptively reasonable. We find no reason to question the presumptive reasonableness we accord Gray's sentence.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gray, in writing, of the right to petition the Supreme Court of the United States for further review. If Gray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gray. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*