**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Deloris BATTLE, Defendant–Appellant.**

No. 92–5025.

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1993.

Decided May 24, 1993.

Jeffrey Lee Starkweather, Chapel Hill, NC, argued, for defendant-appellant.

David J. Cortes, Asst. U.S. Atty., Raleigh, NC, argued (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation.

## OPINION

BUTZNER, Senior Circuit Judge:

The sole issue in this appeal is whether a defendant's possession of an illegal controlled substance can be established by proof that the defendant used the drug in violation of a condition of supervised release.

Deloris Battle appeals an order of the district court revoking her five-year term of supervised release and sentencing her to 20 months of imprisonment. She maintains that the court erred in finding that proven and admitted cocaine use established possession of cocaine for purposes of 18 U.S.C. § 3583(g). Because the district court had sufficient evidence to conclude that Battle possessed controlled substances in violation of the terms of her supervised release, we affirm.

### I

Battle pleaded guilty to a criminal information that charged her with importing cocaine in violation of 21 U.S.C. § 952(a). She received a sentence of 24 months of imprisonment followed by 5 years of supervised release. One of the conditions of supervised release forbade Battle to "purchase, possess, use, distribute, or administer any narcotic or other controlled substance, ... except as prescribed by a physician." In addition, Battle was required to submit monthly reports to her probation officer, to work regularly unless excused by her probation officer, and to notify her probation officer of any change of address.

One week after Battle began her sentence of supervised release she tested positive for, and admitted to, cocaine use. Pursuant to a request from Battle's probation officer, the court modified the conditions of supervised

release to require Battle to participate in drug screening programs and to attend narcotic addiction treatment programs if necessary. Battle failed to participate in the drug rehabilitation program and tested positive for cocaine use on two more occasions.

Battle's probation officer moved the court to revoke Battle's supervised release. The motion asserted several grounds for revocation, including the three positive drug screens, Battle's admission of cocaine use upon leaving prison, her failure to participate in the addiction treatment program, her false representation that she was employed, her neglect of monthly reports, and her failure to notify her probation officer of any change of address. After the motion was filed but before the hearing, Battle again tested positive for cocaine. The probation officer informed the court of this violation.

At the hearing, Battle did not dispute any of the factual grounds for revocation asserted by the probation officer. The court relied upon all of the violations to justify its order revoking the term of supervised release. It found that the four positive drug screens established that Battle possessed narcotics for purposes of 18 U.S.C. § 3583(g). Consequently, the court revoked the supervised release and sentenced Battle to the mandatory minimum term of one-third of the original term of supervised release as required by § 3583(g).

## II

Section 3583(g) provides:

If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

Section 3565(a) contains a similar provision for probationers. The statutory conditions of release or probation proscribe both the possession and the use of narcotics. 18 U.S.C. §§ 3563(a)(3), 3563(b)(8), 3583(d). The conditions of Battle's release contain the same restrictions. The federal sentencing guidelines leave "to the court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. §§ 3565(a) and 3583(g)." U.S.S.G. § 7B1.4, application note 5.

Battle contends that the district court erred in applying § 3583(g) to revoke her supervised release and impose a term of imprisonment. She asserts that use of a narcotic is not equivalent to possession. She emphasizes that "use" and "possession" have different meanings and that the conditions of release recognize the difference by specifying both prohibitions while omitting the requirement of imprisonment for use. She also points to legislative history that drew the same distinction. The legislative history to which she refers is set forth in *United States v. Blackston,* 940 F.2d 877, 884–86 (3d Cir. 1991).

In agreement with the *Blackston* court, we are not persuaded by the legislative history. That court upheld the application of § 3583(g) to a defendant who admittedly used cocaine on several occasions. It reasoned that repeated voluntary use of the drug, which was disclosed by urine specimens, provided sufficient evidence that the drug had been possessed before it was ingested. 940 F.2d at 883, 891.

Federal courts uniformly have held that proof of intentional use of controlled substances is sufficient to establish possession for the purposes of applying § 3583(g). *See United States v. Rockwell,* 984 F.2d 1112, 1114–15 (10th Cir.1993) (citing cases); *but see State v. Finchpaugh,* 232 Kan. 831, 835–36, 659 P.2d 208, 212 (Kan.1983).

AFFIRMED.