**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4830

FITZ MAURICE BELL, a/k/a Peedee,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-92-239)

Submitted: March 13, 1997

Decided: March 24, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Michael F.
Joseph, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fitz Maurice Bell was sentenced to six months in prison following a hearing to revoke his term of supervised release. Bell's counsel has filed a brief pursuant to Anders v. California , 386 U.S. 738 (1967), challenging whether the district court abused its discretion by revoking the term of supervised release and whether the sentence is plainly unreasonable. Finding no error, we affirm.

Bell was originally convicted of drug-related charges. While serving a term of supervised release, Bell's urine tested positive for morphine and marijuana, he failed to report to the probation officer, to submit monthly reports, and to pay his fine, and he committed at least one traffic offense. At the revocation hearing, Bell admitted to the offenses. The district court applied the non-binding Guidelines found in USSG § 7B1.4,[1] and Bell did not object to the sentencing range of three to nine months.

We find that the district court did not abuse its discretion by revoking Bell's term of supervised release. Under 18 U.S.C. § 3583(g) (1994), the district court was required to revoke the release if Bell possessed drugs, and Bell's admission to using drugs established possession.[2] We further find that the sentence imposed was not "plainly unreasonable."[3]

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).
[2] **See United States v. Battle**, 993 F.2d 49, 50 (4th Cir. 1993).
[3] **See** 18 U.S.C. § 3742(a)(4) (1994).

2

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Counsel's current motion before this court to withdraw is denied.

We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3