**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 96-4842

TODD MCSWINE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Samuel G. Wilson, Chief District Judge.
(CR-93-70136)

Submitted: June 12, 1997

Decided: June 24, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward H. Childress, Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assis-
tant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Todd McSwine appeals from his conviction for violation of the conditions of his supervised release. McSwine originally was sentenced in Virginia to thirty-months incarceration followed by thirty-six months of supervised release for his wire fraud conviction. His supervised release began in the Northern District of Illinois.

Shortly thereafter, McSwine's probation officer in the Northern District of Illinois reported that McSwine submitted four urine screens that tested positive for cocaine use. McSwine initially denied illegal drug use, but ultimately admitted that he had used cocaine. After McSwine's acknowledgment of drug use, McSwine's probation officer placed him in an outpatient substance abuse treatment program. According to the officer, McSwine missed his first meeting.

At McSwine's revocation hearing in Virginia, a probation officer from the Western District of Virginia testified to McSwine's positive urine screens based on his contacts with McSwine's probation officer from the Northern District of Illinois. McSwine was sentenced to eighteen months incarceration for violating the conditions of his supervised release.

On appeal, McSwine claims that the evidence was insufficient to support his conviction. The district court had only to find by a preponderance of the evidence that McSwine violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3) (1994). This court reviews that determination for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Furthermore, because supervised release revocation proceedings and probation revocation proceedings have the same constitutional requirements, id., the Federal Rules of Evidence are inapplicable to supervised release revocation hearings, Fed. R. Evid. 1103(d)(3). Thus, the admission of hearsay testimony at McSwine's revocation hearing was not a violation of the evidentiary rules. McSwine's positive urinalysis tests, together with his admissions to his probation officer of cocaine use, were sufficient to support the court's finding that McSwine was in

2

possession of a controlled substance. <u>United States v. Battle</u>, 993 F.2d 49, 50 (4th Cir. 1993).

McSwine next alleges that his placement into a drug treatment program by his probation officer in the Northern District of Illinois constituted a sanction. He contends that the matter was then closed and only after he missed his treatment meeting was he in violation of his supervised release conditions. Thus, he argues that the court was precluded from basing his revocation on his positive urine screens, a Grade B violation, and the court could only base his revocation on his failure to comply with the treatment program, a Grade C violation, which would lower his guideline range. We find that the probation officer's attempt to place McSwine in a treatment program was not intended as a sanction but rather was an effort to make McSwine comply with the conditions of his supervision. Moreover, the sentencing guidelines state that "[w]hen there is more than one violation of the conditions of supervision . . . the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Commission, <u>Guidelines Manual</u>,§7B1.1(b) (Nov. 1995). Thus, the court did not err by basing McSwine's revocation on his positive urine screens.

Lastly, McSwine claims that the court abused its discretion by sentencing McSwine at the top of his guideline range. However, a claim that a court erred by imposing a sentence at the high or low end of a correctly calculated guideline range is generally not reviewable. <u>See United States v. Jones</u>, 18 F.3d 1145, 1151 (4th Cir. 1994). Because McSwine has not alleged that his sentence was based on an unconstitutional classification, <u>see United States v. Holmes</u>, 60 F.3d 1134, 1137 (4th Cir. 1995), his sentence is not reviewable.

Accordingly, we affirm McSwine's conviction and sentence for violating the conditions of his supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>