UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4263

ERIC RYNARD CANADY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-90-128)

Submitted: January 20, 1998

Decided: March 17, 1998

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Robert P. Dwoskin, Charlottesville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant
United States Attorney, Colleen M. McFeely, Third-Year Law Stu-
dent, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Rynard Canady appeals the fifteen-month sentence he received upon revocation of his supervised release. He contends that the district court departed upward without justification when it imposed a sentence in excess of the 4-10-month range recommended in the Chapter 7 policy statement, see USSG§ 7B1.4, p.s.**1** We affirm the sentence but remand for correction of a clerical error in the judgment order.

Canady began serving a four-year term of supervised release in February 1996. On three occasions in November and December 1996, Canady tested positive for cocaine. He also missed one scheduled test and failed to pay for electronic monitoring fees as required. After hearing testimony from Canady and his probation officer at the revocation hearing, the district court found that Canady's violation of the conditions of his supervised release mandated revocation of supervised release. The court accepted the government's recommendation that Canady receive a sentence in excess of a year so that he could receive additional intensive drug treatment in a federal institution. The court imposed a fifteen-month sentence. Canady contends that the sentence was a departure above the 4-10-month range applicable under USSG § 7B1.4. He argues that his need for drug treatment was not an adequate basis for departure and that there was no alternative reason to depart upward.

In sentencing a defendant whose supervised release has been revoked, the district court must consider the policy statements set out in Chapter 7 of the U.S. Sentencing Guidelines Manual. See 18 U.S.C.A. §§ 3553(a)(4)(B), 3583(e) (West Supp. 1997). However, the Chapter 7 policy statements are not binding. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Once the court has considered them, it has the discretion to impose a sentence outside the

_____

**1 U.S. Sentencing Guidelines Manual** (1990). Canady was originally sentenced in August 1991. The revocation hearing took place in March 1997.

ranges provided there. Id. at 642-43.**2** Therefore, in this case, the court did not depart when it imposed a sentence of more than ten months, and Canady's claim that the court improperly departed to afford him additional drug treatment is without merit. For the same reason, Canady's second claim--that there was no other adequate reason to depart --also fails.**3**

The district court orally pronounced a sentence of fifteen months, but the written judgment order imposes a prison term of twelve months. When the oral and written sentence conflict, the oral sentence governs. See Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962); see also United States v. Daddino, 5 F.3d 262, 266 & n.5 (7th Cir. 1993) (collecting cases). Therefore, we remand the case to permit the district court to correct the judgment order. See Fed. R. Crim. P. 36.

Accordingly, the sentence imposed is affirmed and the case is remanded solely for correction of the clerical error in the judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED
_____

**2** The court was aware that USSG§ 7B1.4 provided for a maximum sentence of ten months because the government specifically requested a sentence above the range set out in Chapter 7.

**3** Although Canady does not contest the revocation, he points out in his brief that § 3583(d) gives the court discretion to modify the defendant's conditions of supervised release, rather than revoking his supervised release for illegal possession of a controlled substance pursuant to § 3583(g), when the violation consists of a failed drug test. See United States v. Pierce, ___ F.3d ___, 1997 WL 786922, at *2 (8th Cir. Dec. 24, 1997) (remanding for resentencing because alternative not considered). However, in this circuit, proof that a defendant intentionally used a controlled substance is sufficient to establish possession of a controlled substance within the meaning of § 3583(g). See United States v. Battle, 993 F.2d 49, 50 (4th Cir. 1993).

3