**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4268

NELSON JAMES ABLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-91-3-C)

Submitted: September 29, 2000

Decided: October 17, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas B. Evans, Sr., Washington, D.C., for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nelson James Able pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Able was subsequently sentenced to sixty months' imprisonment and a five-year term of supervised release. In addition to imposing the standard conditions of release, the court imposed several special conditions including mandatory participation in a treatment program for substance abuse. While on supervised release, Able committed several violations. After a revocation hearing, the court found that Able violated the terms of his supervised release and revoked his supervised release, sentencing Able to a 52-month sentence. Able now appeals the revocation of his supervised release and the imposition of the 52-month sentence arguing that: (1) the district court's finding that he possessed marijuana was unsupported by the evidence; (2) his violation was improperly classified as a Grade A violation; and (3) his counsel was ineffective at the revocation hearing. We vacate and remand.

This Court reviews for abuse of discretion the district court's order imposing a sentence after revocation of supervised release. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court may revoke a defendant's terms of supervised release if it finds by a preponderance of the evidence that he violated the terms of release. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2000).

Under 18 U.S.C.A. § 3583(g)(1), revocation is mandatory if the defendant possessed a controlled substance in violation of terms of his supervised release. Proof that a defendant intentionally used a controlled substance is sufficient to establish possession of that substance within the meaning of § 3583(g). See United States v. Battle, 993 F.2d 49, 50 (4th Cir. 1993); see also United States v. Clark, 30 F.3d 23, 25 (4th Cir. 1994)(voluntary and knowing ingestion of the substance constitutes possession). A violation of supervised release need only be proven by a preponderance of the evidence. See 18 U.S.C.A.

2

§ 3583(e)(3); see also United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996). We find that the district court did not err in relying on a probation officer's finding, based on a positive urine test, that Able possessed marijuana. Accordingly, the court properly revoked Able's supervised release term.

We agree with Able, and the Government concedes, however, that Able's possession did not constitute a Garde A violation. See U.S.S.G. §§ 7B1.1(a)(1), 4B1.2(b) (stating that simple possession of controlled substance does not constitute "controlled substance offense"). Because Able's possession does not qualify as a "controlled substance offense" under the meaning of § 7B1.1, the conduct cannot be classified as a Grade A violation.

Because Able's conduct is more properly classified as a Grade B violation, see U.S.S.G. § 7B1.1(a)(2), we vacate Able's sentence and remand to the district court for resentencing consistent with this opinion. As to Able's claims of ineffective assistance of counsel, we note that such claims are generally not cognizable on direct appeal. See United States v. King, 119 f.3d 290, 295 (4th Cir. 1997).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3