UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 02-4320

MARY CASTO,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-94-107)

Submitted: July 29, 2002

Decided: August 21, 2002

Before WILKINS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Ann L. Ballard, LAW OFFICES OF BALLARD-MCGINLEY, P.L.L.C., Morgantown, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Mary Casto appeals the district court's order revoking supervised release and imposing a sentence of five months imprisonment, five months in a halfway house, and two years of supervised release. Casto asserts that the district court erred in concluding that she lied to the court when she denied, at the revocation hearing, that she had possessed marijuana. The district court relied on a laboratory urine test in holding that Casto had possessed marijuana and that her denial was untruthful. Counsel for Casto asserts that Casto did not deny using marijuana, but denied buying the drug or keeping it in her home.

This court reviews for abuse of discretion the district court's decision to revoke a defendant's supervised release and impose a sentence following revocation. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). Casto does not assert that the sentence is not within the guideline range. This court does not review a sentence within the guideline range that was not imposed in violation of the law. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Intentional use of a controlled substance is sufficient to prove possession of that substance. *United States v. Clark*, 30 F.3d 23, 26 (4th Cir. 1994); *United States v. Battle*, 993 F.2d 49, 50 (4th Cir. 1993).

We conclude that the district court did not abuse its discretion in revoking Casto's supervised release and imposing a sentence at the top of the guideline range. Therefore, we affirm the revocation and sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*