**UNITED STATES of America, Plaintiff,**

v.

**Jimmy Joe JUSTICE, Defendant.**

**No. CR.A. 598–00108–01.**

United States District Court, S.D. West Virginia, Beckley Division.

May 15, 2003.

John L. File, Charleston, WV, for United States of America.

David R. Bungard, Charleston, WV, for Defendant Jimmy Joe Justice.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

The defendant, Jimmy Joe Justice, pled guilty on August 6, 1998 to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Justice was sentenced on October 19, 1998 to twenty-seven months imprisonment, followed by a three year term of supervised release. Justice began serving that term of release on July 14, 2000. On January

10, 2003, the United States Probation Office filed a petition charging Justice with violating certain standard conditions of supervised release. The current issue in this case concerns an allegation in the petition that a September 2002 urine specimen obtained from Justice tested positive for amphetamine and methamphetamine. Justice contends that a possession violation should be categorized as a Class C violation under the United States Sentencing Guidelines.[1] The probation office, relying on a case from the Seventh Circuit, *United States v. Trotter*, 270 F.3d 1150 (7th Cir.2001), and a probation department memorandum from the Middle District of North Carolina, asserts that the proper classification in this case is Class B due to Justice's status as a prior drug felon.

The court held a revocation hearing on April 17, 2003. At that hearing, the court ruled that Justice's positive drug test should be categorized as a Class B violation rather than a Class C violation. The court revoked Justice's supervised release and ordered him incarcerated for ten months. The court now writes this memorandum opinion to clarify its classification decision.

## I. Discussion

Under the sentencing guidelines, the penalty for a violation of supervised release is determined by the classification of the violation. The sentencing guidelines prescribe three grades of violations: A, B, and C. Grade A violations consist of (1) crimes of violence, firearms offenses, or controlled substance offenses punishable at the federal, state, or local level by imprisonment exceeding one year; or (2) other federal, state or local offenses punishable

---

1. It has been the practice in this district to consider such drug possession violations as Class C violations.

by imprisonment exceeding twenty years. *U.S. Sentencing Guidelines Manual* § 7B1.1(a)(1) (2003). Grade B violations consist of "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." *Id.* § 7B1.1(a)(2). Class C violations are (1) federal, state, or local offenses punishable by one year or less in prison; or (2) violations of any other supervision condition. *Id.* § 7B1.1(a)(3).

■ Preliminarily, the court must address whether a defendant's urine specimen testing positive for drugs supports an inference that the defendant "possessed" that drug. The Fourth Circuit has ruled, in agreement with several other circuits, that a defendant's repeated voluntary use of a drug, as disclosed by positive urine specimens, provides sufficient evidence that the defendant possessed the drug before taking it. *United States v. Battle*, 993 F.2d 49, 50 (4th Cir.1993); *see also United States v. Rockwell*, 984 F.2d 1112, 1114 (10th Cir.1993); *United States v. Courtney*, 979 F.2d 45, 49 (5th Cir.1992); *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir.1991); *United States v. Blackston*, 940 F.2d 877, 891 (3d Cir.1991). Therefore, Justice's positive urine sample for amphetamine and methamphetamine justifies the inference that Justice possessed those drugs.

■ The court now turns to the central issue in this case—how to categorize simple possession by repeat drug offenders. Simple possession of a drug does not qualify as a "controlled substance offense" under the guidelines so long as there is no intent to manufacture, import, export, distribute, or dispense the drug. *U.S. Sentencing Guidelines Manual* §§ 7B1.1, cmt. n. 3 & 4B1.2(b). Therefore, simple posses-

sion of a drug is not a Grade A violation. Normally, use or possession of a drug would be classified as a Grade C violation because, under both federal law and West Virginia law, possession is a crime punishable by one year or less in prison. *See* 21 U.S.C. § 844(a) (2003) (possession a crime punishable by imprisonment not more than one year); W. Va.Code § 60A–4–401(c) (2003) (possession a misdemeanor punishable by ninety days to six months in prison).

In this case, however, Justice has a previous conviction for a drug crime.[2] The fact that a defendant is a repeat drug offender increases the potential punishment for possession under federal law. Simple possession, when committed by a repeat offender, is punishable by up to *two* years' imprisonment. 21 U.S.C. § 844(a). The question now before the court is whether it can consider Justice's repeat drug offender status when determining how to categorize his positive drug test. The Seventh Circuit recently addressed this very issue in *Trotter*, and ruled that the answer is "yes." 270 F.3d at 1154. In *Trotter*, the Seventh Circuit affirmed the district court's decision to categorize a defendant's use of marijuana as a Grade B violation (rather than a Grade C violation), on the ground that the district court properly considered the defendant's prior drug conviction and his resulting potential exposure to a two year prison term under 21 U.S.C. § 844(a). *Id.* at 1151–52, 1154. The Seventh Circuit reasoned that it would be impossible to "determine whether an offense is 'punishable' by a particular term without considering all of the ingredients that set the maximum punishment." *Id.* at 1154. By way of illustrative analogy, the *Trotter* court compared the situation to a

---

**2.** The previous drug conviction in this case is Justice's August 6, 1998 conviction for possession with intent to distribute cocaine, the

conviction for which he was on supervised release until the April 17, 2003 revocation hearing.

drug statute that punishes general drug possession with a one month prison term, but provides for a two year prison term if the possession occurs near a school. *Id.* In such a scenario, the court must necessarily consider more than just whether or not the defendant had drugs in his possession. *Id.* Without an assessment of the defendant's location, it would be impossible to determine the proper sentence. *Id.*

The *Trotter* court found its conclusion to be consistent with the Supreme Court's ruling in *United States v. LaBonte,* 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). In *LaBonte,* the Supreme Court was asked to evaluate career offender provisions in the sentencing guidelines to determine whether the phrase "maximum term authorized" in 28 U.S.C. § 994(h) [3] means (1) the maximum term available for the offense of conviction *including* any applicable sentencing enhancements, or (2) the maximum term available *without* such enhancements. *Id.* at 752, 117 S.Ct. 1673. The *LaBonte* court ruled that "the phrase 'at or near the maximum term authorized' ... requires a court to sentence a career offender 'at or near' the 'maximum' prison term available once all relevant statutory sentencing enhancements are taken into account." *Id.* at 762, 117 S.Ct. 1673. Thus, while not directly on point, the *LaBonte* decision reflects a general policy in favor of considering sentencing enhancements when determining an offender's status.

The court finds the *Trotter* court's reasoning persuasive. In order to determine Justice's potential punishment for drug possession, the touchstone for determining the classification of the violation, the court must consider Justice's status as a prior convicted drug felon. Because Justice's prior conviction for a drug crime exposes him to a maximum two year sentence for possession of methamphetamine and amphetamine, the violation must be considered a Class B violation.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal, and **DIRECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov.*

---

**3.** 28 U.S.C. § 994 addresses the duties of the United States Sentencing Commission. Subsection (h) states that "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant ... has been convicted of a felony that is ... an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841) ...." 28 U.S.C. § 944(h) (2003).