UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-103 (CKK) |
| | ) | |
| | ) | |
| JAMES MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
(October 9, 2019)

This case is currently scheduled for an October 18, 2019 final hearing regarding revocation of Defendant James Matthews' supervised release. At a previous hearing regarding revocation of his supervised release, Defendant contested that his positive drug tests for heroin on January 16, 2018; March 2, 2018; and March 26, 2018 [Probation Petition – Violation No. 1, ECF No. 59] should be considered a Grade B violation. Defendant proffered instead that the positive drug tests should be considered as a Grade C violation. The Court requested that the Government submit its position on this issue, and on September 10, 2019, the Government filed its Notice of Authority. *See* Notice of Authority, ECF No. 67. In analyzing the authority cited by the Government in connection with the record in this case, this Court has determined that Defendant's positive drug tests shall be considered as a GRADE B VIOLATION, based on the reasoning set forth herein.

In the instant case, the Government argues that Defendant's three drug tests which were positive for the use of heroin should properly be considered a Grade B violation, rather than a Grace C violation. The Government notes that the "record also reflects that [Defendant submitted] a voluntary admission form dated March 26, 2018." Gov't Notice of Authority, ECF No. 67, at 2.

1

Furthermore, in a July 24, 2019 letter, Defendant made two admissions that he was using [heroin]." *Id.*

In support of a proffered Grade B violation, the Government cites *United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2001), *cert. den.*, 534 U.S. 1166 (2002), where the Court of Appeals for the Seventh Circuit engaged in an analysis as to whether the "use of marijuana supports an inference of possession [where] only possession is a criminal offense potentially supporting a Grade B violation. *Id.* at 1153. In that case, the defendant tested positive for marijuana at least three times and skipped seven additional drug tests. The *Trotter* court found that "a judge [ ] could infer from the presence of marijuana metabolites in the blood that the user possessed that drug, if only in the process of smoking a communal joints." *Id.* Furthermore, the three positive tests and multiple skipped drug tests were "enough to permit a rational trier of fact to infer that Trotter possessed marijuana." *Id.* The *Trotter* court string cited cases from courts in other circuits that had considered this question and "come to the same conclusion." *Id.* at 1153-53 (string citing cases from courts for the 1st, 3d, 4th, 5th, 6th, 9th, 10th, and 11th Circuits.);[1] *see also United States v. Justice*, 261 F. Supp. 2d 550, 552 (S.D.W.Va. 2003) ("The Fourth Circuit has ruled, in agreement with several other circuits, that a defendant's repeated voluntary use of a drug, as disclosed by positive urine specimens, provides sufficient evidence that the defendant possessed the drug before taking it."), *aff'd*, 70 Fed. App'x 719 (4th Cir. 2003).

In light of Mr. Matthews' prior drug conviction (chargeable under the law of any state), there is an increased maximum sentence for the charge of simple possession of heroin pursuant to 21 U.S.C. § 844. *See United States v. Justice*, *id.* ("The fact that a defendant is a repeat offender increases the potential punishment for possession under federal law."); *See also United States v.*

---

[1] It does not appear that the Court of Appeals for the D.C. Circuit has addressed this issued since *Trotter.*

*Crace*, 207 F.3d 833, 835-37 (6th Cir. 2000) (applying similar reasoning to find that simple possession supported a Grade B violation where the defendant's criminal history resulted in a higher maximum sentence due to the defendant's prior drug offense). In *Crace*, the defendant argued that "consideration of his prior criminal conduct in determining whether the current conduct constitutes a felony [was] impermissible double counting" because his prior criminal activity was already "encompassed in the district court's computation of his criminal history[.]" *Id.* at 837. The *Crace* court rejected defendant's argument, reasoning instead that:

> We disagree with the defendant's contention that the district court engaged in double counting. This case presents the unique situation where a single act is relevant to two dimensions of the sentencing guidelines analysis. The district court used the defendant's prior convictions to determine both the base offense and his criminal history category.

> \*      \*      \*      \*

> The district court's use of Crace's prior drug convictions to establish the offense level of his positive drug screen and his criminal history category was not impermissible double counting. These prior convictions were used to establish both the wrongfulness of the instant offense and the defendant's potential for recidivism. Because the base offense and the criminal history category are intended to reflect different concerns, we hold that the district court properly considered the defendant's prior convictions in its sentencing.

Accordingly, following the rationale set out in the *Trotter* and *Crace* opinions, which is consistent with rulings by a multiple other Circuit Courts, this Court finds that Defendant James Matthews' positive drug tests shall be considered as a Grade B violation. A separate Order accompanies this Memorandum Opinion.

DATED: October 9, 2019    _____/s/_____
             COLLEEN KOLLAR-KOTELLY
             UNITED STATES DISTRICT JUDGE