**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4373**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARRY D. HUNNELL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:94-cr-70032-JPJ-1)

Submitted:  December 27, 2019                    Decided:  February 21, 2020

Before GREGORY, Chief Judge, and MOTZ and RICHARDSON, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry D. Hunnell appeals the 27-month sentence imposed upon revocation of supervised release. On appeal, Hunnell asserts that his due process rights were violated because he failed to receive adequate notice that some of his alleged violations of supervised release were Grade B violations and that the district court misconstrued the maximum sentence. The Government has filed an unopposed motion to remand for resentencing noting that the maximum term of imprisonment for the violations was 24 months.

The violation petition did not provide any information regarding the grade of the violations, but the supervised release violation report stated all the violations were Grade C. The Government filed notice that it believed the drug violations were Grade B violations, arguing that Hunnell's use of controlled substances established that he possessed the drugs in violation of 18 U.S.C. § 844(a) (2018), which, with Hunnell's prior drug convictions, resulted in a Grade B violation, U.S. Sentencing Guidelines Manual § 7B1.1(a)(2), p.s. (2016). Hunnell objected to the violations being considered Grade B, arguing that the petition only alleged use, rather than possession, of controlled substances, and questioned whether he received sufficient notice of Grade B violations. The district court found the violations alleged were Grade B and that Hunnell had adequate notice of such violations.

While revocation hearings are not part of a criminal prosecution, a defendant is nonetheless entitled to the "minimum requirements of due process," including "written notice of the claimed violations." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Due

2

process requires that a defendant receive written notice of his alleged violation of supervised release so that he is informed of the charges against him and may prepare a defense. Fed. R. Crim. P. 32.1(b)(2)(A); *see United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004). "We review the alleged denial of due process de novo." *United States v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000).

Proof that a defendant intentionally used a controlled substance is sufficient to establish possession of that substance. *See United States v. Clark*, 30 F.3d 23, 25 (4th Cir. 1994) (finding voluntary and knowing ingestion constitutes possession); *United States v. Battle*, 993 F.2d 49, 50 (4th Cir. 1993) ("Federal courts uniformly have held that proof of intentional use of controlled substances is sufficient to establish possession for the purposes of applying [18 U.S.C.] § 3583(g)."). Therefore, the allegations of Hunnell's repeated and admitted use of marijuana constituted possession, a Grade B violation, and thus provided Hunnell adequate notice of such violations. Moreover, the petition and revocation report noted that Hunnell violated terms of his supervised release prohibiting both the use and possession of controlled substances and the Government promptly noticed that it believed the violations were Grade B. Under these circumstances, we conclude that Hunnell's due process notice argument is without merit and we affirm the revocation of Hunnell's supervised release.

The Government has filed an unopposed motion to remand for resentencing, stating that Hunnell faced a maximum sentence of 24 months. Hunnell originally was convicted of violating 18 U.S.C. § 2113(a), a Class C felony, 18 U.S.C. § 3559(a)(3) (2018), which allows imposition of a three-year term of supervised release after a term of imprisonment,

3

18 U.S.C. § 3583(b)(2) (2018). Upon revocation of supervised release, however, a court may not impose a sentence of greater than two years of imprisonment, 18 U.S.C. § 3583(e)(3) (2018). Thus, Hunnell's 27-month sentence was imposed in excess of the statutory maximum. Accordingly, we vacate Hunnell's sentence and grant the Government's motion to remand for resentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*